STATE OF NEW YORK
COUNTY OF MONROE        SUPREME COURT

---

RONNIE EDGESTON

                Plaintiff,

    -vs-                                 **SUMMONS**
                                            Index no.:

CITY OF ROCHESTER, ROCHESTER POLICE DEPARTMENT, ROCHESTER POLICE OFFICERS PAUL ROMANO, E. ALEXANDER, MAZURKIEWICZ, AND THOMAS KIRK

                Defendants.

---

To the above-named defendants:

You are hereby summoned and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgement will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is the residence of the plaintiff, which is 289 Campbell Street, Rochester, New York 14611.

Dated: May 10, 2018
       Rochester, New York

                                                      Respectfully submitted,

                                                      The Foti Law Firm P.C.
                                                      Attorneys for Plaintiff
                                                      Neil Gunther, of Counsel
                                                      16 West Main Street, Suite 236
                                                      Rochester, New York 14614
                                                      Phone: (585) 461-1999
                                                      E-mail: neil@fotilaw.com

STATE OF NEW YORK
COUNTY OF MONROE     SUPREME COURT

---

RONNIE EDGESTON

                Plaintiff,

-vs-                            **COMPLAINT**
                                      Index no.:

CITY OF ROCHESTER, ROCHESTER POLICE DEPARTMENT, ROCHESTER
POLICE OFFICERS PAUL ROMANO, E. ALEXANDER, MAZURKIEWICZ, AND
THOMAS KIRK

                Defendants.

---

The Plaintiff, Ronnie Edgeston, by his attorneys, The Foti Law Firm P.C., complaining of the Defendants herein, alleges and shows to the Court as follows:

1. At all relevant times, the Plaintiff, Ronnie Edgeston, was, and is, a resident of 289 Campbell Street, Rochester, New York.

2. At all relevant times, the Defendant, City of Rochester, was, and still is, a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintains an office for the conduct of its business at 30 Church Street, Rochester New York.

3. At all relevant times, the Defendant City of Rochester assumed and still assumed, and maintained, and still maintains, responsibility, supervision, control, and authority over the Rochester City Police Department.

4. At all relevant times, Defendant Paul Romano is and/or was employed as a police officer by the City of Rochester, and was acting for, upon and in the course of and in furtherance of the business of his employer and within the scope of his employment.

5. At all relevant times, Defendant E. Alexander is and/or was employed as a police officer by the City of Rochester, and was acting for, upon and in the course of and in furtherance of the business of his employer and within the scope of his employment.

6. At all relevant times, Defendant Thomas Kirk is and/or was employed as a police officer by the City of Rochester, and was acting for, upon and in the course of and in furtherance of the business of his employer and within the scope of his employment.

7. At all relevant times, Defendant Mazurkiewicz is and/or was employed as a police officer by the City of Rochester, and was acting for, upon and in the course of and in furtherance of the business of his employer and within the scope of his employment.

8. At all relevant times, the Defendant City of Rochester assumed, and still assumes, responsibility and liability for the acts and/or omissions of the Defendant City of Rochester Police Department and Defendant Police Officers Paul Romano, E. Alexander, Mazurkiewicz, and Thomas Kirk.

9. On May 10, 2017, within ninety days after this claim arose, plaintiff served a Notice of Claim in compliance with the General Municipal Law, including notice of all the causes of action herein, upon Defendant the City of Rochester by personal service to and accepted by an individual with the initials MKG at the Law Department for the City of Rochester (See Exhibit A).

7. On May 11, 2017 Defendant sent a notice requesting to take oral examination pursuant to Section 50-H of the General Municipal Law on June 6, 2017,, at the Office of Corporation Counsel, 30 Church Street, Room 400A City Hall Rochester, New York. (See Exhibit B).

3

8. The Plaintiff was unavailable for the examination pursuant to Section 50-H because he was incarcerated. The Plaintiff and Defendant agreed that the Plaintiff could commence an action against the Defendant prior to the Defendant conducting a hearing or physical examination of the Plaintiff pursuant to Section 50-H of the General Municipal Law under the stipulation that the Plaintiff shall make no discovery demands, issues shall not be joined, and the Defendant's time to serve an answer shall be extended until 30 days after the completion of the 50-H hearing. (See Exhibit C).

9. No settlement has been reached or agreed upon between the parties following the aforementioned hearing.

10. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

11. The causes of action herein accrued on or about February 11, 2017, when after fleeing from the Rochester Police Department the Plaintiff surrendered to members of the Rochester Police Department and was subjected to the excessive use of force during the course of an arrest which included but was not limited to punching and kicking the complainant multiple times causing physical injury.

FIRST CAUSE OF ACTION:

ASSAULT/BATTERY/EXCESSIVE USE OF FORCE

12. Plaintiff repeats and adopts paragraphs 1 through 11 of this Complaint.

13. As the Plaintiff surrendered to members of the Rochester Police Department in the backyard of 343 Orange Street by laying down on his stomach the Plaintiff was subjected to illegal and excessive physical force.

14. Members of the Rochester Police Department subjected the Plaintiff to unlawful physical violence, assault, and battery which included punches and knee strike(s).

15. The physical attack on the Plaintiff was so severe and excessive that his left orbital bone was fractured and his ribs were bruised as a result of kicks and punches.

16. The Members of the Rochester Police Department had no legal authority to physically attack the Plaintiff and break his left orbital bone and bruise his ribs.

17. The Plaintiff did not cause or contribute to any of the physical assault and battery on his person. He did not authorize or consent to the physical violence and force used on him.

18. As a result of assault/battery, Plaintiff was subjected to humiliation, ridicule, and disgrace and was otherwise psychologically, physically, and economically injured and damaged.

19. Specifically, the Plaintiff suffered physical injury including a fractured left orbital bone and bruised ribs which caused him to suffer substantial and prolonged pain.

20. The named Defendants, and/or its/their officers, agents, servants, and/or employees, acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable and flagrant disregard of Plaintiff's rights, privileges, welfare and well-being and were guilty of egregious and gross misconduct towards him.

21. The amount of damages in this action exceeds the jurisdictional limits of all New York State courts except that of the New York State Supreme Court.

SECOND CAUSE OF ACTION:

NEGLIGENT SCREENING, HIRING, RETENTION, SUPERVISION

22. Plaintiff repeats and adopts paragraphs 1 through 21 of this Complaint.

23. Hiring police officers who can conduct a lawful arrest and file lawful charges is a reasonable requirement of any law enforcement agency.

24. Upon information and belief, the officers involved in the assault/battery of the Plaintiff were hired and retained by the Rochester Police Department without a reasonable assessment as to their ability to understand when they are permitted to conduct an arrest and when the use of force is permissible.

25. Upon information and belief, the officers were not disciplined or reprimanded for the unlawful arrest or use of excessive force in this incident.

26. The Rochester Police Department have access to the New York State Criminal Procedure Law and are capable of determining that the officers' have used excessive force in this case, but upon information and belief, not action has been taken.

27. Upon information and belief, the Defendant Officers Paul Romano, E. Alexander, Mazurkiewicz, and Thomas Kirk and any other officer involved in the incident was not properly screened by the Rochester Police Department and Defendant City of Rochester, nor have they been terminated following a demonstration of unlawful arrests, the filing of unlawful charges, and the use of excessive force, as well as other professional misconduct.

28. As a result of the negligent and/or reckless failure by the Defendant City of Rochester and Rochester Police Department to screen police officers for an ability to conduct lawful arrests, engage in appropriate use of force, and other misconduct, and/or the negligent and/or reckless failure to terminate the police officers who have

demonstrated such an inability, plaintiff suffered unlawful arrest and psychologically, physically, and economically injured and damaged.

29. The amount of damages in this action exceeds the jurisdictional limits of all New York State courts except that of the New York State Supreme Court.

## THIRD CAUSE OF ACTION:
## NEGLIGENT SCREENING, TRAINING, RETRAINING, SUPERVISION

30. Plaintiff repeats and adopts paragraphs 1 through 29 of this Complaint.

31. The Defendants City of Rochester and Rochester Police Department have a basic responsibility to train police officers when they are permitted to conduct a lawful arrest.

32. The incident in question demonstrates that the Rochester Police Department was negligent and/or reckless in its training of officers regarding when they may legally and appropriate engage in the use of force.

33. The officers used unlawful excessive force.

34. The Rochester Police Department has the ability and responsibility to train officers to refrain from the conduct that was exhibited against the Plaintiff in this case.

35. Upon information and belief, the Defendant Officers Paul Romano, E. Alexander, Mazurkiewicz, and Thomas Kirk and any other officer involved in the incident were not properly trained by the Rochester Police department and Defendant City of Rochester.

36. As a result of the negligent and/or reckless failure by the Defendant City of Rochester and Rochester Police Department to train police officers to conduct lawful

7

arrests, engage in appropriate use of force, the plaintiff suffered unlawful arrest and was psychologically, physically, and economically injured and damaged.

37. The amount of damages in this action exceeds the jurisdictional limits of all New York State courts except that of the New York State Supreme Court.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, jointly and severally, together with attorney fees, and the costs and disbursement of this action.

Dated: May 10, 2018
Rochester, New York

Respectfully submitted,

The Foti Law Firm P.C.
Attorneys for Plaintiff
Neil Gunther, of Counsel
16 West Main Street, Suite 100
Rochester, New York 14614
Phone: (585) 461-1999
E-mail: neil@fotilaw.com

**Exhibit A**

STATE OF NEW YORK
COUNTY OF MONROE    CITY OF ROCHESTER

RONNIE EDGESTON

          Claimant,

-vs-

RECEIVED

2017 MAY 10 A 10: 18

LAW DEPARTMENT MKG
CITY OF ROCHESTER

**NOTICE OF CLAIM**

THE CITY OF ROCHESTER, ROCHESTER POLICE DEPARTMENT, ROCHESTER POLICE OFFICERS PAUL ROMANO, E. ALEXANDER, MAZURKIEWICZ AND THOMAS KIRK

    **PLEASE TAKE NOTICE**, Mark A. Foti, Esq., an attorney admitted to practice in the State of New York, affirms under penalty of perjury pursuant to CPLR 2106 that:

1. I represent Ronnie Edgeston, (hereinafter referred to as "the claimant").

2. The facts and statements contained in this affirmation are based upon my personal knowledge and also upon information and belief, the sources of which are my personal investigation, discussions with the claimant, his family members, and others, as well as my review of numerous documents including discovery materials and relevant legal authorities.

3. The claimant makes claim against the above-named defendants, and, in support thereof, states:

4.

    a. The name and post office address of the claimant is Ronnie Edgeston, his address in 289 Campbell Street, Rochester NY 14611.

    b. The name and post office address of the Claimant's attorney is The Foti Law Firm P.C., Mark A. Foti, Esq., 16 West Main Street, Suite 236, Rochester, New York 14614.

5. The nature of the claim includes, but is not limited to, assault, battery, excessive use of force, intentional infliction of emotional distress, unlawful arrest and imprisonment, by Rochester Police Officer and negligent screening, hiring, training and supervision of Rochester Police Department employees, including Officers Paul Roman #0188, E. Alexander, Mazurkiewicz, and Thomas Kirk #2038, for violation of the claimants rights under the Fourth and Fourteenth Amendments of the US Constitution and 42 USC 1983 and 1988, and corresponding rights under Article 1, Section 12 of the New York State Constitution and NY Civil Rights Law Section 8 (and any other relevant sections of that body of law) prohibiting the use of excessive force.

6. The claim accrued on or about February 11, 2017 at 721 Jay Street, in Rochester, New York, when upon information and belief, the claimant had surrendered to members of the Rochester Police Department and was subjected to the excessive use of force during the course of the arrest on February 11, 2017, which included but is not limited to punching and kicking the complainant multiple times causing physical injury.

4. Upon information and belief, as a result of the excessive use of force used by the Rochester Police Department during the course of an unlawful arrest on February 11, 2017, the Claimant suffered a fractured left orbital bone, bruised ribs, emotional distress, mental and physical suffering, punitive damages, and attorneys' fees.

5. The amount of damages in this action exceeds the jurisdictional limits all New York State courts except the New York State Supreme Court.

WHEREFORE, claimant demands judgment against defendants in an amount to be determined upon trial of this action, together with the costs and disbursements of this action, and legal fees.

2

Dated:   Affirmed May 9, 2017
         Rochester, New York

*[signature]*

Mark A. Foti, Esq.
Attorney for Ronnie Edgeston
The Foti Law Firm P.C.
16 W. Main Street, Suite 236
Rochester, New York 14614
Tel.:(585) 461-1999
Email: mark@fotilaw.com

3

**Exhibit B**

In the Matter of the Claim of

RONNIE EDGESTON

-against-

THE CITY OF ROCHESTER, et al

**NOTICE TO TAKE ORAL EXAMINATION PURSUANT TO GENERAL MUNICIPAL LAW SECTION 50-h**

PLEASE TAKE NOTICE that pursuant to Section 50-h of the General Municipal Law, the undersigned will examine and take testimony of claimant, RONNIE EDGESTON, on **Tuesday, June 6, 2017, at 10:00 a.m.**, before an individual authorized to administer oaths, at the Office of the Corporation Counsel, 30 Church Street, Room 400A City Hall, Rochester, New York. Said examination will be had as to all the relevant facts and circumstances in connection with the claim herein, including negligence, contributory negligence and damages.

DATED: May 11, 2017

BRIAN F. CURRAN, Corporation Counsel

BY: _____
PATRICK BEATH, Esq., of Counsel
*Attorney for Defendants*
30 Church Street, 400A City Hall
Rochester, NY 14614
Telephone: (585) 428-6812

TO: Mark A. Foti, Esq.
The Foti Law Firm
*Attorneys for Claimant*
16 W. Main Street, Suite 236
Rochester, NY 14614
(585) 461-1999

**Exhibit C**

STATE OF NEW YORK
SUPREME COURT: COUNTY OF MONROE

---

RONNIE EDGESTON

                Claimant,

vs.

                              **STIPULATION**

THE CITY OF ROCHESTER, ROCHESTER POLICE
DEPARTMENT, ROCHESTER POLICE OFFICERS
PAUL ROMANO, E. ALEXANDER, MAZURKIEWICZ
AND THOMAS KIRK

---

        **IT IS HEREBY STIPULATED AND AGREED** by the attorneys for the claimant RONNIE EDGESTON and for the CITY OF ROCHESTER that:

        1.      The examination of claimant pursuant to General Municipal Law Section 50-h that was previously noticed for May 31, 2017, has been adjourned at claimant's request because claimant is incarcerated and unable to attend the hearing.

        2.      Claimant shall be responsible for notifying the City of Rochester by certified or registered mail, return receipt requested, within thirty (30) days after claimant has become available to appear and to give testimony at the 50-h examination. The notification shall be sent to the City of Rochester Office of the Corporation Counsel at 30 Church Street, Room 400A, Rochester, New York 14614. A copy of this stipulation must be attached to the notification. Upon receipt of the notification the City will have ninety (90) days in which to schedule the adjourned 50-h examination.

        3.      Claimant may commence an action against the City on the above claim within the applicable statute of limitations prior to the City conducting a hearing or physical examination of claimant pursuant to 50-h.

        4.      If claimant commences an action against the City and/or any of its agents, servants or employees before submitting to a 50-h examination, claimant/plaintiff shall make no

discovery demands, issue shall not be joined, and the defendant(s) time to serve an answer shall extend until 30 days after the completion of claimant/plaintiff's 50-h examination.

5. Nothing herein shall be construed as a waiver of the City's rights pursuant to General Municipal Law § 50-h.

DATED: June 14, 2017
Rochester, New York

| THE LAW OFFICE OF MARK FOTI | BRIAN F. CURRAN Corporation Counsel |
|---|---|
| BY: _____ NEIL W. GUNTHER, Esq. *Attorneys for Claimant* 16 W. Main Street, Suite 236 Rochester, New York 14614 ~~(716) 855-1111~~ (585) 461-1999 | BY: _____ PATRICK BEATH, Esq. *Attorneys for City of Rochester* 30 Church Street, Room 400A Rochester, New York 14614 (585) 428-6812 |