UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONNIE EDGESTON,

                              Plaintiff,

v.

THE CITY OF ROCHESTER, ROCHESTER POLICE
DEPARTMENT, ROCHESTER POLICE OFFICERS PAUL
ROMANO, E. ALEXANDER, MAZURKIEWICZ, AND
THOMAS KIRK,

                              Defendants.

MEMORANDUM OF LAW

Case No. 18-cv-6503

**PRELIMINARY STATEMENT**

Plaintiff claims that, on February 11, 2017, defendant officers used excessive force against him in the course of his arrest. Defendants now move to dismiss plaintiff's second and third claims for relief, both of which allege that the City of Rochester was negligent in screening, hiring, training, retaining and supervising the defendant officers.

**STATEMENT OF FACTS**

The following facts are drawn from the complaint, annexed to the Declaration of Patrick Beath ("Beath Decl.") as Exhibit A, and are assumed to be true for the purposes of this motion only. Plaintiff admits that, on February 11, 2017, he fled from police who were attempting to arrest him. *See* Complaint ¶ 11. Plaintiff also contends, however, that he ultimately surrendered to the police and was thereafter subjected to the excessive use of force. *Id.*

Plaintiff sets forth three claims for relief, the first for assault/battery/excessive use of force, and the second and third for the City's allegedly negligent screening, hiring, training, retaining and supervision of the defendant officers. Plaintiff explicitly alleges that, at all times, the individual officers were acting within the scope of their City employment. *See* Complaint ¶¶ 4-7.

1

Defendants now move to dismiss the second and third claims for relief for the reasons set forth below.

## STANDARD FOR MOTION TO DISMISS

"In deciding whether to grant a motion to dismiss for failure to state a claim, the court must accept the factual allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Foster v. Humane Soc'y of Rochester & Monroe County, Inc.*, 724 F. Supp. 2d 382, 388 (W.D.N.Y. 2010) (Larimer, J.). "At the same time, however, 'a plaintiff's obligation … requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.'" *Foster*, 724 F. Supp. 2d at 382 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). "Thus, where a plaintiff 'has not nudged his claims across the line from conceivable to plausible, his complaint must be dismissed.'" *Id.* at 388 (quoting *Twombly*, 550 U.S. at 570). "A 'plausible' entitlement to relief exists when the allegations in the complaint move the plaintiff's claims across the line separating the 'conclusory' from the 'factual,' and the 'factually neutral' from the 'factually suggestive.'" *Id.* "Although plausibility is not a 'probability requirement,' [p]laintiffs must allege facts that permit 'more than a sheer possibility that a defendant has acted unlawfully.'" *Turkmen v. Hasty*, 789 F.3d 218, 233 (2d Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).

# ARGUMENT

## I. The Negligent Screening, Hiring, Training, Retaining and Supervision Claims Fail

Claims for negligent screening, hiring, training, retaining and supervision fail where the individual officer is alleged to be acting within the scope of his employment. *See Velez v. City of New York*, 730 F.3d 128, 136-137 (2d Cir. 2013)("To maintain a claim against a municipal employer for the 'negligent hiring, training, and retention' of a tortfeasor under New York law, a plaintiff must show that the employee acted 'outside the scope of her employment.'"); *Lipford v. City of Rochester*, No. 16-CV-6266-FPG, 2017 U.S. Dist. LEXIS 161262, at *15-16 (W.D.N.Y. Sep. 29, 2017). Here, plaintiff explicitly alleges that defendants were acting in the scope of their employment at all times. *See* Complaint ¶¶ 4-7. Accordingly, the second and third claims for relief fail.[1]

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their motion for partial dismissal, dismissing the second and third causes of action.

DATED: July 17, 2018                    BRIAN F. CURRAN, CORPORATION COUNSEL

                                      /S/Patrick Beath
                             BY:   PATRICK BEATH, ESQ, of Counsel
                                   *Attorneys for Defendants*
                                   City Hall Room 400A, 30 Church Street
                                   Rochester, New York 14614
                                   (585) 428-6812

---

[1] Insofar as either of these claims for relief is intended to be one for municipal liability against the City under 42 U.S.C. § 1983, such a claim would fail as mere negligence is an insufficient basis for such liability. *See* <u>Cash v. Cty. of Erie</u>, 654 F.3d 324, 334 (2d Cir. 2011)(noting municipal liability may be imposed only where "facts demonstrate that the policymaker's inaction was the result of 'conscious choice' and not 'mere negligence.'").

To: THE FOTI LAW FIRM P.C.
Mark A. Foti, Esq.
*Attorneys for Plaintiff*
16 W. Main Street, Suite 236
Rochester, New York 14614
(585) 461-1999