UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONNIE EDGESTON,

                        Plaintiff,

v.

                        Case # 18-CV-6503-FPG

                        ORDER TO SHOW CAUSE

THE CITY OF ROCHESTER,
ROCHESTER POLICE DEPARTMENT,
ROCHESTER POLICE OFFICERS PAUL ROMANO,
E. ALEXANDER, MAZURKIEWICZ, and
THOMAS KIRK,

                        Defendants.

**INTRODUCTION**

On May 10, 2017, Plaintiff Ronnie Edgeston filed a notice of claim in the Supreme Court of the State of New York, County of Monroe, (Supreme Court) pursuant to New York General Municipal Law § 50-e. *See O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 358 (1981) ("A notice of claim is a condition precedent to bringing a tort claim against a municipality."). In it, Edgeston named the same Defendants as he does in this action and explained that he intended to bring various claims against them for violations of his Fourth and Fourteenth Amendment rights stemming from an alleged excessive use of force during Edgeston's arrest on February 11, 2017. ECF No. 1-2 at 10-11.

A year and one day later, on May 11, 2018, Edgeston filed a summons and complaint in Supreme Court against Defendants. ECF No. 1-2 at 1-8. The complaint contains three claims: one for assault, battery, and excessive force, another for negligent screening, hiring, retention, and supervision, and one for negligent screening, training, retraining, and supervision. *Id.* at 4-8.

On July 9, 2018, Defendants removed the case to this Court and then, eight days later, moved to dismiss Edgeston's second and third claims. ECF Nos. 1, 2. Edgeston does not oppose the motion. ECF No. 4.

## DISCUSSION

Federal courts have limited jurisdiction; that is, "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 5 U.S. 137, 173-80 (1803)). Consequently, federal courts must presume that a "cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). When a party does not meet that burden and even where the court's subject-matter jurisdiction is not challenged, "federal courts have a duty to inquire into" it. *F5 Capital v. Pappas*, 856 F.3d 61, 75 (2d Cir. 2017).

Generally, a court has subject-matter jurisdiction if either federal-question or diversity jurisdiction are established as described in 28 U.S.C. §§ 1331 and 1332. *Winter v. Novartis Pharms. Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014). Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331(a)(1); *Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477, 481 (W.D.N.Y. 2018). Here, Edgeston and the Defendants are all citizens of New York, so the Court cannot have diversity jurisdiction.

That leaves federal-question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). Federal-question jurisdiction is present when a civil action "arises under" the Constitution, laws, or treaties

of the United States. 28 U.S.C. § 1331(a)(1). A court determines whether federal-question jurisdiction exists under the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's" well-pleaded complaint. *Caterpillar Inc.*, 482 U.S. at 392. "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id. See also The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course the party who brings a suit is master to decide what law he will rely upon . . . .").

Here, while Edgeston mentions his Fourth and Fourteenth Amendment rights and section 1983[1] in his notice of claim, he does not reference them in his complaint. Indeed, while the complaint alleges a claim for "excessive force" along with assault and battery, it does not purport to bring the claim under section 1983. Consequently, based on the complaint, Edgeston wishes to rely on state law, and not federal law, for his claims.[2]

---

[1] Section 1983 is not the source of a substantive right, but it provides a procedure to hold others responsible for a violation of one's rights under the Constitution and laws of the United States. *Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 268 (N.D.N.Y. 2018); 42 U.S.C. § 1983. Consequently, bringing a claim under section 1983 would establish federal-question jurisdiction.

[2] In his notice of claim, Edgeston notes that he intends to vindicate rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, Article 1, Section 12 of the New York Constitution, and New York Civil Rights Law Section 8 via his excessive-force claim. ECF No. 1-2 at 11. Private rights of action are available under Article 1, Section 12 of the New York Constitution, but only where no alternative remedy to protect plaintiff's interests exists. *Gustafson v. Village of Fairport*, 106 F. Supp. 3d 340, 350-51 (W.D.N.Y. 2015). Section 1983 provides such an alternative remedy; as explained above, however, Edgeston's complaint does not reference it.

Defendants are therefore ordered to show cause in writing by December 7, 2018, why this case should not be remanded to the Supreme Court of the State of New York, County of Monroe, for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

Dated: November 26, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court